THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLIAM H. DESHIELDS, JR. * | |
| Petitioner, | |
| v. * | CIVIL ACTION NO. JFM-05-1049 |
| KATHLEEN S. GREEN * | |
| Respondent. | |
| ****** | |

**MEMORANDUM**

This habeas corpus action was construed as a "hybrid" petition filed pursuant to 28 U.S.C. §§ 2241 & 2254. Petitioner presented claims which allege that: the consecutive ten-year term imposed in his state court criminal case is an illegal sentence; the state court erred in imposing a sentence outside the guidelines; the state court erred in not providing a starting date for his ten-year consecutive sentence;[1] the state court erred in not offering an alternative sentence and in not providing petitioner the pre-sentence report for review; and the state court erred when it denied petitioner's request for modification and reduction of sentence.[2] Paper No. 1.

Respondent has filed an answer, asserting that the petition should be dismissed as successive pursuant to 28 U.S.C. § 2244(b) and as untimely under 28 U.S.C. § 2244(d). Paper No. 9. Petitioner has filed a reply, arguing that respondent has failed to provide a substantive response to the petition.

---

[1] According to the record, the ten-year sentence imposed in March of 1998, was to be served consecutively with a sentence petitioner was already serving for a previous robbery. That earlier robbery conviction was attacked by petitioner in a previously filed habeas corpus petition, which was denied on the merits. *See DeShields v. Filbert*, Civil Action No. JFM-01-4251 (D. Md. 2001). The Fourth Circuit subsequently denied the certificate of appealability and dismissed the appeal. *See DeShields v. Filbert*, 56 Fed.Appx. 263 (4th Cir. March 10, 2003).

[2] Petitioner seemingly claims that his diminution credits have not been calculated correctly, and that he is entitled to immediate recalculation, modification and/or release. Paper No. 1.

Paper No. 10. He further alleges that his previous federal habeas corpus petition challenged the "factual predicate and validity of [his] conviction," while the grounds asserted within this petition attack the "legality of petitioner's confinement and sentence with sufficient grounds for relief." *Id*.

Petitioner has previously raised a § 2254 attack on these convictions in *DeShields v. Filbert*, Civil Action No. JFM-01-4252 (D. Md. 2001). On October 8, 2002, the petition was denied on the merits. The United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal. *See DeShields v. Filbert*, 60 F. Appx. 508 (4th Cir. April 14, 2003).

28 U.S.C. §2244(b)(3)(A) provides that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A petitioner may file a second or successive habeas corpus petition only if he or she has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996). The circuit court must enter an order authorizing the district court to consider any new § 2254 action filed by petitioner. 28 U.S.C. § 2244(b)(3)(A);[3] *see In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc).

There can be no mistake that the majority of the grounds raised herein go directly to the legality of the sentences imposed by the Circuit Court for Baltimore County in 1998, and are

---

[3] 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

properly construed as claims filed pursuant to this court's habeas corpus jurisdiction under § 2254. As such, this portion of the cause of action constitutes a second and successive petition. There is no showing that petitioner has complied with the aforementioned "gatekeeper" provision. Therefore, his § 2254 claims for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).[4]

Insofar as petitioner raises a challenge to the execution of his sentence by alleging that the there is no discernible commencement date for his sentence and that his diminution credits have not been properly calculated, his action is treated as a § 2241 petition and shall be dismissed without prejudice. The law is well established that § 2241 petitions are intended to address the execution of a sentence rather than its validity, *i.e.*, imposition or duration. *See In re Vial*, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997). A review of the action proves no evidence that petitioner has exhausted his administrative and/or state court remedies as to all issues involving the imposition and duration of sentence.[5] *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).

---

[4] The Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the motion are comprehensive. Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the procedure to be followed should petitioner wish to seek authorization in the appellate court to file a successive § 2254 petition. It is to be emphasized that petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

[5] Prisoners in the custody of the Maryland Division of Correction who wish to challenge diminution credit calculations have two possible avenues for relief in the state courts. First, regardless of whether he believes he is entitled to an immediate release, a prisoner may challenge the computation of his or her credits by: (i) filing a request under the administrative remedy procedure, Division of Correction Directive 185-001 *et seq.*, to the warden of the institution where he is confined; (ii) appealing a denial of the request by the warden to the Commissioner; (iii) filing a complaint with the Inmate Grievance Office, ("IGO"); (iv) appealing a final decision of the IGO to the Circuit Court; (v) filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court; and (vi) *if* the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, seeking *certiorari* to the Court of Appeals. Second, a prisoner claiming an entitlement to an immediate release can also seek relief directly from the state courts by: (i) filing a petition for writ of habeas corpus in a Circuit Court; (ii)

Therefore, this portion of the petition must be dismissed for the failure to exhaust available state court remedies.

Accordingly, this petition shall be dismissed in its entirety without prejudice. A separate Order follows.

Date: August 25, 2005                              /s/
                                                   J. Frederick Motz
                                                   United States District Judge

---

appealing a decision by the Circuit Court to the Court of Special Appeals; and (iii) seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.